UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-60508-BLOOM

HENINSTON STEVEN FRANCIS,

    Plaintiff,

v.

WELLPATH, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE

**THIS CAUSE** came before this Court on Plaintiff Heninston Steven Francis's *pro se* Amended Complaint under 42 U.S.C. § 1983. ECF No. [15]. Plaintiff, a pretrial detainee at the Broward County Jail ("the jail"), alleges that jail officials were deliberately indifferent to his serious medical needs. The Court screened Plaintiff's original Complaint, ECF No. [1], under 28 U.S.C. § 1915(e), and dismissed it a shotgun pleading with leave to amend, ECF No. [5]. Plaintiff then filed the instant Amended Complaint. For the following reasons, the Amended Complaint is dismissed with prejudice under § 1915(e).

**I. BACKGROUND**

The Court accepts the following facts as true for the purposes of screening the Amended Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In 2017, while incarcerated, Plaintiff broke his right pinky finger playing basketball. ECF No. [15] ¶ D1.[1] Plaintiff was taken to the hospital, where he received a splint instead of a cast. *Id*. In 2021, an orthopedic surgeon recommended

---

[1] In his statement of facts, Plaintiff numbers his paragraphs "D_" to correspond to section "IV.D." of the civil rights complaint form, which asks Plaintiff to state "the facts underlying your claim(s)." ECF No. [15] at 7. Plaintiff's statement of facts is on pages 17–26 of the Amended Complaint.

surgery for Plaintiff's pinky finger, but Defendants—doctors and other medical personnel at the jail—denied Plaintiff's numerous requests for surgery, informing him that it was an elective procedure and that Wellpath, the company that provides medical services to inmates, would not pay for it. *Id*. ¶¶ D4–D46. Instead, Plaintiff received weekly therapy from a chiropractor from 2020 through 2021, which did not help. *Id*. ¶¶ D16–17. Plaintiff asked the chiropractor to inform the jail's medical staff that Plaintiff needed surgery, but the chiropractor responded that "he was not getting in the middle of it." *Id*. ¶ D18.

Due to the lack of surgery, Plaintiff's pinky finger is stiff, he is unable to make a fist, he has a torn tendon and nerve damage in his hand, and he is in constant pain. *Id*. at 7. One of the Defendants, Dr. Deborah Ide, refused to give Plaintiff pain medication on several occasions between 2019 and 2021, despite Plaintiff's "unbearable pain." *Id*. ¶ D3. Dr. Ide did, however, refer Plaintiff to physical therapy. *Id*. ¶ D4.

Plaintiff sues nine Defendants for deliberate indifference to his serious medical needs: (1) Wellpath; (2) Dr. Ide; (3) Dr. Stephen Alan Kotzen; (4) Renee Smith, Director of Nursing ("DON")/Health Services Administrator ("HSA"); (5) Dr. Yolanda Azcuna Migrino; (6) Craig Singer, chiropractor; (7) Patricia Christine Keathley, HSA; (8) Carolina Hayward, DON; and (9) Kenni Sterns, HSA. *Id*. at 2–5. Plaintiff seeks damages and injunctive relief requiring the Defendants to provide him with surgery for his finger. *Id*. at 7.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss an action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A pleading fails to state a claim for relief when it does not contain sufficient "factual matter (taken as true)" to "give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."). A complaint need not contain detailed factual allegations, but it must provide as grounds for relief something more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). To survive dismissal, a complaint must "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The liberal construction afforded to *pro se* pleadings does not authorize *pro se* litigants to file impermissible "shotgun" pleadings. *See Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) (affirming dismissal of *pro se* complaint on shotgun pleading grounds).

## III. DISCUSSION

### A. Shotgun Pleading

The Court dismissed Plaintiff's first Complaint as a "shotgun" pleading, explaining that "Plaintiff's forty-four-page, nineteen-defendant Complaint, consisting of sixty-eight paragraphs of factual allegations" was "anything but 'short and plain.'". *See* ECF No. [5] at 4 (quoting Fed. R. Civ. P. 8(a)). Specifically, the Court found that "Plaintiff's sixty-eight paragraph statement of facts section [wa]s 'cumbersome, confusing,' and cluttered with an excessive amount of 'conclusory,

3

vague, and immaterial facts not obviously connected to any particular cause of action.'" *Id*. at 5 (quoting *Yeyille v. Miami Dade Cnty. Pub. Sch*., 643 F. App'x 882, 884 (11th Cir. 2016) and *Weiland v. Palm Beach Cnty. Sheriff's Off*., 792 F.3d 1313, 1320 (11th Cir. 2015)). The Court observed that, among other deficiencies, "[t]he statement of facts is meandering and difficult to follow, jumping from Defendant to Defendant and failing to present a clear, coherent picture of any Defendant's conduct." *Id*. In addition, many allegations were "simply too vague and conclusory to support a deliberate-indifference claim." *Id*. The Court instructed Plaintiff that his Amended Complaint "must comply with Rule 8(a)(2)'s 'short and plain' requirement by stating his claims as succinctly and clearly as possible." *Id*. at 7.

At thirty-seven pages and forty-six paragraphs, the Amended Complaint is slightly shorter and more organized than the first, but it still fails to provide a "short and plain" statement of each claim. The Amended Complaint falls primarily into the second category of shotgun pleadings because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. In particular, the Amended Complaint is filled with irrelevant details about Plaintiff's numerous conversations with each Defendant. *See Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (complaint fell into second category of shotgun pleadings because it was "rife with immaterial factual allegations, including five pages and 24 paragraphs of irrelevant details about the alleged criminal backgrounds of some of the defendants"). For instance, Plaintiff includes allegations such as, "Defendant Craig Singer stated to Plaintiff to grow some [expletive] balls it's just a pinky finger"; and "each time Plaintiff tried to speak to Defendant Kenni Sterns she stated I don't have time to hear about your hand [expletive], I'm busy and I run this jail by myself." ECF No. [15] ¶¶ 18, D41. Such voluminous details about Plaintiff's conversations with each Defendant are unnecessary to establish the elements of a

deliberate indifference claim. *See Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 669 (11th Cir. 2016) ("The complaint must introduce facts that plausibly establish each essential element of the asserted cause of action."). The Amended Complaint also includes numerous vague, conclusory, and repetitive allegations. For example, one paragraph merely contains the vague allegation that, "thru out [sic] these years until [the] present date [Plaintiff] has express[ed] to Defendant Yolanda Migrino of [sic] her denial and neglect to help him seek medical treatment without delay . . ." *Id*. ¶ D22. In addition, many of the Amended Complaint's paragraphs simply repeat the allegations of previous paragraphs. *See id*. ¶¶ D36–45. While these examples, by themselves, might not render the Amended Complaint a shotgun pleading, they are representative of the Amended Complaint as a whole. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1297 (11th Cir. 2002) ("We do not focus on paragraph 30 because it is necessarily the fatal flaw in plaintiffs' second and third amended complaints, but rather because it is indicative of problems with the complaints as a whole and with most shotgun pleadings.").

In sum, Plaintiff's Amended Complaint is still a "cumbersome, confusing" complaint cluttered with conclusory, vague, and irrelevant allegations. *Yeyille*, 643 F. App'x at 884; *see also Strategic Income Fund*, 305 F.3d at 1295 (condemning shotgun pleadings because "in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous"); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (noting the "cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses" that judges face in connection with shotgun pleadings). As such, it fails to abide by this Court's order that Plaintiff state his claims "as succinctly and clearly as possible." Accordingly, the Amended Complaint shall be dismissed as a shotgun pleading.

**B. <u>Failure to State a Claim</u>**

Even if the Amended Complaint were not a shotgun pleading, it would be dismissed for failure to state a claim for relief. In the Eleventh Circuit, a plaintiff asserting a claim of deliberate indifference to serious medical needs under the Fourteenth Amendment[2] must satisfy two elements. First, the plaintiff must show that "the deprivation he allegedly suffered was 'objectively, sufficiently serious,'" which requires him to establish an "objectively serious medical need." *Wade v. McDade*, 106 F.4th 1251, 1255–56 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 839 (1994)). Second, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," which means that "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]" *Id*. at 1262. But a defendant "cannot be found liable . . . if he responded reasonably to the risk." *Id*. (cleaned up). A prisoner's complaint must plausibly allege both prongs to survive screening under 28 U.S.C. § 1915(e). *Schuller v. Diaz*, No. 24-CV-23553-RKA, 2024 WL 4802720, at *2 (S.D. Fla. Nov. 15, 2024).

First, Plaintiff's broken pinky finger is not an objectively serious medical need. "Courts have repeatedly found that broken fingers, without aggravating factors, generally do not pose a serious risk of harm." *Rutherford v. Ward*, No. 4:22-CV-0199-WMR-WEJ, 2023 WL 11971246, at *5 (N.D. Ga. Mar. 14, 2023) (collecting cases); *see also Peacock v. Cabreo-Muniz*, No. 2:12-CV-63-FTM-29DNF, 2014 WL 2573224, at *4 (M.D. Fla. June 9, 2014) ("[A] broken bone does not *per se* constitute a serious medical need"); *Green v. Corr. Corp. of Am.*, No. 1:12-CV-2293, 2013 WL 1567465, at *2 (W.D. La. Feb. 11, 2013) ("Numerous cases have found that a broken

---

[2] For deliberate-indifference claims, the Eighth Amendment's Cruel and Unusual Punishments Clause applies to convicted prisoners while the Fourteenth Amendment's Due Process Clause applies to pretrial detainees like Plaintiff. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326–27 (11th Cir. 2007). But the standards under the Eighth and Fourteenth Amendments are the same. *Id*.

finger does not rise to the level of a serious medical need for purposes of a constitutional analysis"); *Paterson v. Goord*, No. 9:06-CV-0211, 2008 WL 623123, at *8 (N.D.N.Y. Mar. 4, 2008) ("each of the four New York State district courts in this Circuit have specifically held, as a matter of law, that a broken finger alone does not constitute a serious medical need"); *but see Joh v. Suhey*, 709 F. App'x 729 (3d Cir. 2017) (prisoner's "allegations of a fractured finger state a claim of a serious medical need" where prisoner alleged that his "finger was 'disfigured', 'limp', and 'unusable.'").

Although Plaintiff alleges that his broken pinky caused pain, "nerve damage," "torn tendons," "stiffness," and rendered him "unable to make a fist" with his right hand, these alleged effects of the injury are comparable to those in cases in which courts found that a broken finger was not a serious medical need. *See*, *e.g.*, *Green*, 2013 WL 1567465, at *1 (prisoner's broken finger was not a serious medical need despite prisoner's allegation "that he has nerve damage and a 'permanent crook' in his finger"); *Paterson*, 2008 WL 623123, at *8 (prisoner's broken finger was not a serious medical need even though prisoner "allege[d] that he experienced 'constant' and 'severe' pain during the relevant time period" because "a plaintiff's subjective complaints of pain do not, in and of themselves, constitute . . . a serious medical need"); *Brooks v. ACRJ*, No. 7:20-CV-00104, 2020 WL 2814126, at *3 (W.D. Va. May 29, 2020) ("[I]t is far from clear that a broken finger and torn tendon in [plaintiff's] finger would constitute a sufficiently serious medical condition"); *Colon v. City of New York*, No. 08 CIV. 3142 (HB), 2009 WL 1424169, at *7 (S.D.N.Y. May 21, 2009) ("Colon's thumb fracture is not sufficiently serious to form the predicate for a claim of deliberate indifference to serious medical need under § 1983 [even though] Colon complained of some pain, swelling, discomfort and reduced range of motion in his thumb").

Second, even if Plaintiff's broken finger were a serious medical need, he has not plausibly alleged that any Defendant was deliberately indifferent to that need. Plaintiff alleges that

7

Defendants refused to send him for orthopedic surgery that had been recommended by an orthopedic specialist, advising him that Wellpath would not pay for it because it was "elective" care rather than "preventative" care. "A difference in medical opinion does not constitute deliberate indifference so long as the treatment provided is minimally adequate." *Whitehead v. Burnside*, 403 F. App'x 401, 403 (11th Cir. 2010). "[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995); *see also Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment.").

Here, Plaintiff received at least "minimally adequate" treatment in the form of weekly therapy from a chiropractor. In addition, while he alleges that Dr. Ide refused to give him pain medication on several occasions, he avers that Dr. Ide did refer him to physical therapy. Courts "are hesitant to conclude that a doctor was deliberately indifferent when a prisoner receives medical care." *Clark v. Sheffield*, 807 F. App'x 910, 915 (11th Cir. 2020). Although Plaintiff believes he should have received surgery on his broken pinky, this mere disagreement with the jail's doctors does not rise to the level of deliberate indifference. Plaintiff claims that the chiropractic treatments he received were ineffective, but "[w]ith respect to prisoners' medical care, . . . the Eighth Amendment doesn't require it to be 'perfect, the best obtainable, or even very good.'" *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quoting *Harris*, 941 F.2d at 1510). Rather, "medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to

fundamental fairness." *Id*. (quotation omitted and alterations adopted). Plaintiff's allegations fall short of showing that his medical care was so grossly incompetent or inadequate as to shock the conscience. Therefore, Plaintiff has failed to state a claim for deliberate indifference to serious medical needs.

## IV. LEAVE TO AMEND

This Court afforded Plaintiff an opportunity to amend his Complaint to cure the deficiencies identified in the Court's Order, but the Amended Complaint suffers from the same deficiencies as the original Complaint. Thus, because Plaintiff has failed to correct the pleading deficiencies despite being given explicit instructions on how to do so, this action is due to be dismissed with prejudice and without leave to amend. *See Skyles v. McCoy*, 730 F. App'x 769, 771 (11th Cir. 2018) (concluding that where district court gave plaintiff opportunity to amend complaint, but plaintiff failed to correct deficiencies of first complaint, the district court was not obligated to permit the plaintiff a second opportunity to amend); *Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) ("In the light of Plaintiff's continued failure to comply with federal pleading requirements, the district court committed no error in dismissing with prejudice Plaintiff's first amended complaint" as a shotgun pleading). In any event, the Court finds that any amendment would be futile because Plaintiff's allegations do not state a claim for relief. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (holding that a district court need not grant leave to amend where a more carefully drafted complaint would not state a claim for relief).

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Complaint, **ECF No. [15]** is **DISMISSED WITH PREJUDICE**.

Case No. 25-cv-60508-BLOOM

2. This case shall remain **CLOSED**.

3. To the extent not otherwise disposed of, all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 30, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Heninston Steven Francis, *PRO SE*
131701713
Broward County Main Jail
Post Office Box 9356
Fort Lauderdale, FL 33310